UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHARTER COMMUNICATIONS
ENTERTAINMENT I, LLC d/b/a
CHARTER COMMUNICATIONS

      Plaintiff,

v.

JEAN BANKS,

      Defendant.

CASE ACTION
NO. 04-CV-40082

## JOINT STATEMENT OF THE PARTIES FOR INITIAL SCHEDULING CONFERENCE

Pursuant to Rule 16.1, Plaintiff, Charter Communications Entertainment I, LLC d/b/a Charter Communications, and Defendant, Jean Banks submit this joint statement for the Scheduling Conference on October 15, 2004. Undersigned council for Plaintiff sent a draft of this proposal via first class mail on October 6, 2004. This joint statement addresses (1) a joint discovery plan scheduling the time and length for all discovery events; (2) a proposed schedule for the filing of motions; and (3) certifications of counsel and authorized representatives of each party regarding litigation budgets and alternative dispute resolution.

### JOINT DISCOVERY PLAN

1.    <u>Automatic Required Disclosures</u>

Pursuant to Local Rule 26.1(B) and Fed. R. Civ. P. 26(a)(1), the parties will make their automatic disclosures on or before October 21, 2004.

    a.    <u>Disclosures Under Local Rule 26.2(A) and Fed. R. Civ. P. 26(a)(1)</u>

As required by Local Rule 26.2(A) and Fed. R. Civ. P. 26(a)(1), those disclosures will include (1) the names, addresses and telephone numbers, if known, of each individual likely

to have discoverable information relevant to disputed facts alleged with particularity in the pleadings including subjects of the information known to each person: (2) copies, or description by category and location, of all documents, data compilations, and tangible things in the possession, custody or control of each party that are relevant to disputed facts alleged with particularity in the pleadings and (3) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying under Fed. R. Civ. P. 34 the documents or other evidentiary material on which the computation is based (excluding materials that are privileged or protected from disclosure).

    b.    <u>Disclosures Under Local Rule 26.1(B)</u>

As required by Local Rule 26.1(B), Charter will submit a sworn statement (1) itemizing all economic loss with a computation of damages for which recovery is sought, (2) listing the identities of all persons then known by Charter who witnessed or participated in the transaction or occurrence giving rise to the claim or who otherwise know or are believed to have substantial discoverable information about the claim or defenses, together with a statement of the subject and a brief summary of that information, and (3) listing all opposing parties, and all officers, directors, and employees of opposing parties, from whom statements have been obtained by or on behalf of Charter regarding the subject matter of the claim.

The defendant will also submit a sworn statement (1) listing the identities of all persons then known by the defendant who witnessed or participated in the transaction or occurrence giving rise to the claim or who otherwise are known or are believed to have substantial discoverable information about the claim or defenses, together with a statement of the subject and a brief summary of that information, and (2) listing all opposing parties, and all

officers, directors, employees of opposing parties, from whom statements have been obtained by or on behalf of the defendant regarding the subject matter of the claim.

The parties agree that they are unaware of any governmental agencies or officials who may have investigated the transactions or occurrences giving rise to Charter's claims.

2. <u>Document Discovery</u>

In addition to the automatic required disclosure of documents under Fed. R. Civ. P. 26(a)(B), the parties have agreed to serve any additional requests under Fed. R. Civ. P. 34 by no later than December 7, 2004.

To date, the parties have agreed to exchange the following categories of documents in each party's possession custody or control (excluding materials that are privileged or protected from disclosure):

(1) All statements, work orders, correspondence, memoranda and other documents relating to the alleged theft or assistance thereof in the theft of cable services and programming from Charter.

(2) All documents relating to the cable services and programming ordered by the Defendant and others at defendant's residential address and authorized by Charter.

3. <u>Interrogatories</u>

Pursuant to Local Rule 26.1(C), the parties will file no more than twenty-five (25) interrogatories each. The parties have agreed to serve their interrogatories by no later than December 7, 2004. All responses to interrogatories shall be served no later than January 20, 2005.

4.  <u>Requests for Admissions</u>

Pursuant to Local Rule 26.1(C), the parties will file no more than twenty-five (25) requests for admissions each. The parties have agreed to serve their requests for admission by no later than December 7, 2004.

5.  <u>Depositions</u>

At this time, Charter has indicated that it will take the depositions of the defendant, and other persons who have knowledge of the purchase and/or use and the distribution of the cable theft devices in question to testify pursuant to Fed. R. Civ. P. 30(b)(6) as to subject matters and allegations contained in Plaintiff's Complaint.

At this time, the defendant has determined that he will take depositions of

_____

pursuant to Fed. R. Civ. P. 30 (b)(6). All depositions shall be completed by February 15, 2005.

## PROPOSED SCHEDULE FOR THE FILING OF MOTIONS

The parties agree that all dispositive motions shall be filed no later than February 28, 2005.

## CERTIFICATIONS OF AUTHORIZED REPRESENTATIVES AND COUNSEL

Certifications signed by counsel for Charter and Kevin Mailloux, Group Operations Manager of Charter and the defendant, regarding the matters set forth in Local Rule 16.1(D)(3) shall be filed on or before October 15, 2004.

## OTHER MATTERS

1. <u>Settlement</u>

Charter submitted its first written settlement proposal to the defendant as required by Local Rule 16.1(C) on October 4, 2004.

2. <u>Trial by Magistrate Judge</u>

At this time, the parties are not prepared to consent to trial by a Magistrate Judge.

| CHARTER COMMUNICATIONS ENTERTAINMENT I, LLC d/b/a CHARTER COMMUNICATIONS | JEAN BANKS |
|---|---|
| Burton B. Cohen, BBO# 656190<br>Christopher L. Brown, BBO# 642688<br>Murtha Cullina LLP<br>99 High Street<br>Boston, MA 02110<br>(617)457-4000 | Jean Banks-Pro Se<br>23 Main Street<br>South Grafton, MA 01560 |

Dated: October 13, 2004

288329-1

5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Joint Statement was mailed first-class, postage prepaid, on this 6th & 13th day of October, 2004 to:

Jean Banks
23 Main Street
South Grafton, MA 01560

_____
Christopher L. Brown

288329-1                    6