UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARTER COMMUNICATIONS ENTERTAINMENT I, LLC d/b/a CHARTER COMMUNICATIONS, <br><br> Plaintiff, <br><br> v. <br><br> JEAN BANKS, <br><br> Defendant. | CIVIL ACTION <br> NO. 04-40082 (FDS) |

## JOINT STIPULATION OF JUDGMENT

WHEREAS, Plaintiff Charter Communications Entertainment I, LLC d/b/a Charter Communications ("Charter"), is licensed to provide cable television service in various municipalities in Massachusetts; and

WHEREAS, Charter has initiated litigation in the United States District Court for the District of Massachusetts in the matter captioned Charter Communications Entertainment I, LLC d/b/a Charter Communications v. Jean Banks, Case No. 04 CV 40082 (FDS) (the "Litigation"), asserting that Jean Banks ("Defendant") ordered, purchased, received and possesses, possessed, used or assisted others in the use of one (1) cable theft device, known as a "BOSS V" from a company known as Modern Electronics, Inc. in order to effect the unauthorized reception and interception of Charter's cable services; and

WHEREAS, Charter and Defendant (collectively, the "Parties") have many reasons to settle the Litigation including: (a) one of Charter's central purposes in this litigation is to stop the unauthorized use of its cable services as quickly as possible and

(b) where that purpose can be accomplished expeditiously by agreement between the parties, both parties may avoid the time and expense which would otherwise be devoted to this Litigation; and

WHEREAS, as partial consideration of the Settlement of this litigation, Defendant represents that she does not have in her possession or in use at any premises where she receives or uses Charter's cable television signals, any descrambler, decoder or other device which permits her to obtain cable services without authorization from Charter;

WHEREAS, in order to avoid the delay and expense which would result from continuing to litigate this matter, the parties wish to stipulate to judgment and agree as follows;

Charter and Defendant stipulate and agree as follows:

1. That judgment shall enter in favor of Charter and against Defendant pursuant to 47 U.S.C. § 553.

2. That it is ORDERED, ADJUDGED AND DECREED that the Defendant is permanently enjoined and restrained from engaging in, assisting, aiding, abetting or otherwise promoting or supporting the unauthorized interception or reception of the cable television programming, service or signal of Charter, or of any affiliate thereof, and including without limitation, is hereby permanently enjoined and restrained from: connecting to, tapping into, attaching, splicing into, tampering with or in any way using cable wires of Charter or intercepting Charter's television system, or receiving or exhibiting Charter's cable television signal for purposes of obtaining any of Charter's programming services without Charter's express authorization and agreement; from purchasing, obtaining, installing, owning or possessing any components or parts with the intention of making any equipment capable of unscrambling, intercepting, receiving, transmitting, retransmitting, decoding or in any way making available all or part of the programming and services of Charter without

-3-

Charter's authorization; from attaching or connecting any such equipment to any property of Charter without Charter's express authorization and agreement; and from any further tampering with or making any connection or any disconnection or manipulating, in any manner, for any purpose, Charter's systems without Charter's express authorization and agreement.

3. That it is ORDERED, ADJUDGED AND DECREED that jurisdiction is retained by this Court for the purpose of enabling any of the parties to apply to this Court at any time for the foregoing injunction, for the enforcement of compliance therewith, and for the punishment of any violations thereof, and that in the event of a violation of the foregoing injunction, as found by the Court after Notice and an opportunity to contest the allegations of a violation of the foregoing injunction, the statutory fines under 47 U.S.C. § 553, in addition to attorneys' fees and costs, shall be applicable for each contemptuous violation thereof.

| DEFENDANT - | PLAINTIFF - |
|---|---|
| JEAN BANKS | CHARTER COMMUNICATIONS ENTERTAINMENT I, LLC d/b/a CHARTER COMMUNICATIONS, |

_____  
Jean Banks

By_____  
Burton B. Cohen, BBO#656190

Murtha Cullina LLP  
99 High Street, 20th Floor  
Boston, MA  02110  
Telephone:  (617) 457-4000  
Fax:  (617) 482-3868  
E-Mail:  bcohen@murthalaw.com  
Its Attorney

Dated: August //, 2005

-4-

/s/ [signature]
U.S. District Judge
District of Massachusetts

Dated this 22d day of August, 2005.